**Michael PUCCI, Plaintiff,**

v.

**UNITED STATES of America, Defendant.**

**No. 80 Civ. 361 (PNL).**

United States District Court,
S.D. New York.

June 29, 1984.

Michael H. Singer, Aronowitz & Singer, New York City, for plaintiff.

Asst. U.S. Atty. Gerald T. Ford, New York City, for defendant.

## OPINION AND ORDER

LEVAL, District Judge.

Upon motion of the defendant, the United States, this action, brought under the National Swine Flu Immunization Program of 1976 ("Swine Flu Act"), 42 U.S.C. §§ 247b(j) *et seq.*, amended 1978, 1979 and 1981, is hereby stayed pending determination by the Secretary of Labor of plaintiff's eligibility for benefits under the Federal Employees' Compensation Act ("FECA"), 5 U.S.C. §§ 8101–8151.

In 1976 while plaintiff was an employee of the United States Environmental Protection Agency, he received a swine flu innoculation administered by the federal government at his place of work, the Federal Office Building, 26 Federal Plaza, New York, N.Y. His complaint alleges he suffered injury and illness from that inoculation. He brings this action against the United States based on its own actions under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671–80 ("FTCA"), and as "substitute defendant" for the swine flu program participants under the Swine Flu Act, 42 U.S.C. §§ 247b(k), (k)(3).

Section 247b(k)(5)(C) of the Swine Flu Act (Title 42, U.S.C.) expressly withholds the remedies of the Act "where an action ... under this subsection is precluded because of the availability of a remedy through proceedings for compensation ... from the United States ...." A federal employee's right to compensation under the Federal Employment Compensation Act is the sole and exclusive remedy against the United States for any covered injury. 5 U.S.C. § 8116(c). Determination of the coverage of the FECA is entrusted by statute exclusively to the Secretary of Labor and his determination is made "final ... conclusive ... and not subject to review ... by a court...." 5 U.S.C. § 8128(b). In deference to this authority of the Secretary, federal courts have not entertained tort claims when they have found a substantial question of FECA coverage. *See DiPippa v. United States*, 687 F.2d 14, 16 (3 Cir.1982); *Wallace v. United States*, 669 F.2d 947, 951–52 (4 Cir.1980).

With respect to the FECA coverage of illnesses caused by swine flu inoculations, the Secretary of Labor has issued program memoranda and bulletins, the most recent and pertinent being FECA Bulletin No. 26–76 (Oct. 27, 1976) which expressly stated that "adverse reactions to inoculations given to Federal employees by Federal facilities are compensable under the Federal Employees Compensation Act."

In view of this authority there is, at the very least, a substantial question of availability of compensation under FECA. The government is entitled to a stay of this action pending such determination.

Plaintiff argues to the contrary: first, that the Secretary's decision under Bulletin No. 26–76 is beyond his authority since the statute authorizes FECA compensation only for injuries "sustained while in the performance of [the federal employee's] duty"; second, that the FECA remedy, although exclusive as to tort claims based on acts of the government, should not be construed to bar a liability undertaken by the United States as substitute for the private participants in the Swine Flu program; and third, that equal protection would be denied by a law that gave Government employees a less extensive remedy than other victims of the inoculation program.

Each of these contentions was considered and rejected by the Court of Appeals for the Third Circuit in *DiPippa v. United States, supra.* I agree with that court's decision.

With respect to plaintiff's first argument, the Compensation Act accords great deference to the Secretary's determination. Although there might conceivably be instances where the Secretary's determination would be so clearly beyond what the statute allows that the provision for finality and unreviewability of the Secretary's decision in § 8128(b) might be ruled inapplicable, that is not the case here. At the very least the issue must be first presented to the Secretary for his determination.[1]

As to plaintiff's second argument, it flies in the face of the explicit provisions of the statute. Regardless whether the United States' liability is in the role of a substitute for other potential defendants, it is nonetheless a liability of the United States and is precluded by the exclusive provisions of the FECA cited above. 5 U.S.C. § 8116(c). The Swine Flu Act, furthermore, expressly disclaims any remedy against the United States when such action is "precluded" by the exclusivity of another available remedy. § 247b(k)(5)(C).

I can see no basis for the reasoning of the Fourth Circuit in *Wallace v. United States, supra,* which disregarded the Swine Flu Act's explicit reaffirmation of the effectiveness of the exclusivity provisions of other remedies against the Government. That court found it unacceptable that plaintiffs should lose the benefits of causes of action that would have been available to them if the statutes had been differently written. The decision, in my view, fails to recognize that the Swine Flu Act was a compromise, reached in haste in order to make a massive immunization program available to the public at government expense. The Act protected program participants (manufacturers, distributors, etc.) from actions brought by recipients of inoculations, giving the recipients instead rights against the United States under the procedures of the Federal Tort Claims Act, *see* 42 U.S.C. § 247b(k)(3). Without this compromise there would have been no immunization program since the insurance industry was unwilling to insure the participants. To suggest as *Wallace* argues that the compromise struck in the Swine Flu Act did not diminish the rights of claimants is simply incorrect. Among the consequences of substituting the government as the answerable defendant in place of the private program participants were loss of the right to jury trial, *see* 28 U.S.C. § 2402 and *Glidden Company v. Zdanok,* 370 U.S. 530, 82 S.Ct. 1459, 8 L.Ed.2d 671 (1962); loss of the right to punitive damages and pre-judgment interest, *see* 28 U.S.C. § 2674; *In re Swine Flu/Immunization Products Liability Litigation,* 89 F.R.D. 695 (included as exhibit to plaintiff's memorandum in opposition), and restriction

---

1. In his memorandum answering this motion, plaintiff contested whether the facility at 26 Federal Plaza where his inoculation was given was a "Federal facility" within the meaning of the Department of Labor's FECA Bulletin No. 26–76 and whether inoculations were given there to persons other than government employees. Plaintiff protested he had had no discovery on these issues, whereupon the government noted in its reply memorandum that it had no objection to such discovery being taken. The motion has been in abeyance for a number of months since that time without plaintiff filing any further materials addressed to the motion. It is assumed that plaintiff has either declined to take further discovery or has taken it but has discovered nothing of value to his position.

to a two-year statute of limitations, coupled with a prerequisite of administrative claim, *see* 28 U.S.C. § 2401, 42 U.S.C. § 247b(k)(2)(A)(iii), as amended. Likewise, government employees whose exclusive rights against the government are under the Compensation Act lost causes of action that might have been brought against the program participants. On the other hand, the public gained, for better or worse, an immunization program against the swine flu which otherwise would not have been available.

Plaintiff's third argument based on the Equal Protection Clause is frivolous. As the *DiPippa* court pointed out, government employees are in certain respects favored and in others disfavored by the FECA coverage of flu inoculations. There is no arbitrary discrimination or irrational classification. There is no denial of equal protection.

The action is stayed pending the determination of the Secretary of Labor on plaintiff's claim under the Federal Employees' Compensation Act.

SO ORDERED.